CHARLES MAPLES, APPELLANT, *v.* ALEXANDER W. MACKEY, RESPONDENT, IMPLEADED WITH EMORY D. ANGELL.

*Summons — admission of service of — when sufficient to support judgment.*

August 9, 1858, a summons was issued against the defendants, Angell and Mackey, on which Angell indorsed the following admission: "I admit due personal service of a copy of the within summons, August 9, 1858. E. D. ANGELL." August 31, 1858, a judgment was entered in the Supreme Court against both defendants on a joint liability. In a proceeding to enforce the judgment against Mackey, the court at Special Term decided that the judgment was void because of defects in the admission of service.

*Held,* that it was immaterial that the admission was of the service of a copy of the summons, instead of the summons itself.

That the admission showed sufficiently the time when the service was made, viz.: on August 9, 1858.

That no proof of the genuineness of the signature of Angell being required by the Code, its absence would not render the judgment void.

That the judgment being that of the highest court of original jurisdiction, the fact that the admission did not show the place of service did not render the judgment void.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court, without a jury. The court found as facts : From the fall of 1855 until the 4th day of August, 1857, the defendants were co-partners, doing business as such in the village of Owego, in the county of Tioga. That they kept and carried on a drug store at that place under the firm name of Angell & Mackey. That on the 3d day of January, 1857, the said defendants as such co-partners, drew their draft on the plaintiff; payable sixty days from date, to their own order. Which draft was duly accepted in writing by the plaintiff, for the benefit and accommodation of the defendants, and was by him paid at maturity, no funds having been placed in his hands by the defendants for the payment thereof. That said draft was drawn in the firm name by the defendant Angell, and endorsed in the firm name by the defendant Mackey. That the firm of Angell & Mackey was dissolved August 4th, 1857. That on or before the 9th day of August 1858, the plaintiff issued a summons

against both defendants, and the defendant Angell made the following admission which was endorsed thereon:

"I admit due personal service of a copy of the within summons.

"E. D. ANGELL.

"*August 9th*, 1858."

That said summons was not served upon defendant Mackey, and no other proof of service upon the defendant Angell was filed with the clerk of Tioga county before entering judgment as hereinafter stated. That, on the 31st of August, 1858, the clerk of Tioga county, upon the plaintiff's filing the summons, with the foregoing admission indorsed thereon, an unverified complaint, said draft, statement of judgment and affidavit that no answer or demurrer had been received therein, or appearance in any manner made by the defendants, entered a judgment in form against both said defendants for $220.94 damages, and $13.84 costs and disbursements. That said judgment has never been paid or satisfied. That, on or about the 11th day of April, 1876, the plaintiff instituted these proceedings, and caused to be personally served on the defendant Mackey a summons to show cause, made on an affidavit showing the entry of the judgment, and that no part of it had been paid, as required by chapter 2, title 12, part 2 of the Code of Procedure. The defendant Mackey thereupon appeared, put in an answer to the complaint or affidavit therein, and upon issue thus joined the parties proceeded to trial.

The court found as conclusions of law, that the admission of service, signed by the defendant Angell, was insufficient proof of service to authorize the clerk of Tioga county to enter the judgment in this action. That the judgment entered by the said clerk was a nullity and void as against the defendant Mackey, and was insufficient as a basis upon which to institute these proceedings. That defendant was entitled to a judgment, dismissing these proceedings upon the merits.

*T. & A. More*, for the appellant. Every judgment, however irregular it may be, if amendable, is, unless set aside, to all intents

and purposes, valid, and on a motion to set it aside, unless it be shown inequitable, the court will amend it *nunc pro. tunc.* (*Jones* v. *U. S. Slate Co.*, 16 How., 129; *Mitchell* v. *Van Buren*, 27 N. Y., 300; *Ingrahom* v. *Robbins*, 33 id., 418; *Chappel* v. *Chappel*, 12 id., 222.) There are multitudes of irregularities for which judgments may be set aside upon motion; but such judgments are voidable only, and not absolutely void, and until set aside are valid. (*Gere* v. *Gundlach*, 57 Barb., 13; *Hunter* v. *Lester*, 18 How., 349; *Nones* v. *Insurance Co.*, 8 Barb., 541.) Where a judgment is void or voidable, the proper way is to move to set aside or vacate it. (*Grant* v. *Vandercook*, 57 Barb., 175; *Lambert* v. *Converse*, 22 How., 265; *Watkins* v. *Abram*, 24 N. Y., 72; Wait's Practice, vol. 3, p. 732.) Such a judgment as this is neither void nor voidable, and had a motion been made to set it aside as irregular, the court would have ordered it amended *nunc pro tunc.* (*Mitchell* v. *Van Buren*, 27 N. Y., 300; *Farmers' Loan Co.* v. *Dickson*, 17 How., 477; *Jones* v. *Slate Co.*, 16 id., 129; *Peck* v. *Richardson*, 9 Hun, 567; *Hees* v. *Nellis*, 1 S. C. [T. & C.], 121; *Foster* v. *Wood*, 30 How., 284; 3 R. S. [5th ed.], 637; Code, § 174; *Williams* v. *Wheeler*, 1 Barb., 48; *Cooper* v. *Shaver*, 41 id., 157.) The admission shows the time—"August 9, 1858." Judgment was entered twenty-two days thereafter. (2 N. Y. S. C. [T. & C.], 668.) The words "due" and "duly," used in this and similar connections, have a well-defined legal meaning. A "due personal service" can be nothing less than a regular service. (*People* v. *Walker*, 23 Barb., 304; *Wynehamer* v. *The People*, 13 N. Y., 395; *Tallman* v. *Barnes*, 12 Wend., 227.)

*S. L. & F. M. Mayham*, for the respondent.

LEARNED, P. J.:

This is a proceeding, under section 375 of the Code, to enforce against the defendant Mackey a judgment recovered by the plaintiff in form against both defendants, Mackey and Angell, upon a joint liability. Mackey was not served with process in the original action. Mackey set up several defenses to this proceeding, and the cause was tried before the court without a jury. The

court rendered a decision in favor of the defendant, and the plaintiff appeals.

The court decided that the judgment against Angell, the other defendant, was void. The only question before us is as to the correctness of that decision. The facts bearing on that question are: That the plaintiff, on or before August 9, 1858, issued a summons against both defendants, upon which the defendant Angell indorsed the following admission: " I admit due personal service of a copy of the within summons; Aug. 9, 1858. E. D. Angell." On filing this proof, and no other, of service; an unverified complaint; the draft on which the action was brought; an affidavit of no answer, etc., the clerk entered a judgment in form against both defendants, on the 31st of August, 1858. The court held the judgment void, because the admission of service did not show the place where it was served.

The defendant Mackey insists that the judgment was void for several defects in the admission of service.

First. Because it is the admission of the service of a *copy* of the summons instead of an admission of the service of the summons. We do not think that this was a matter of any consequence. The admission was indorsed on the summons — the original summons, if there was an original as distinct from a copy; and because a copy is handed to the party served, it is not unusual to speak of serving him with a copy. The language is not strictly accurate; but the meaning is plain. So is this admission.

Second. Because the time of service is not expressed. But the time is expressed sufficiently. The defendant admits that the personal service was made the 9th of August, 1858. The object of expressing the time is to show when the plaintiff will be entitled to judgment. It would be hypercritical to say that the day mentioned is the date of the admission, and not of the service.

Third. Because there was no proof of the genuineness of the signature of Angell. This was not expressly required by the Code. True, the court cannot take judicial notice of the signatures of parties; and it was a very proper practice, even under the old Code, to verify signatures in such cases by affidavit. But, as a matter of fact proved on the trial, this was Angell's signature.

We cannot say that the judgment was void for want of a proof which was not required by the Code.

Fourth. Because the admission does not state that a copy was delivered to the defendant. It is sufficient that it admits due and personal service. That admits all which is necessary to constitute such service.

Fifth. Because it does not state the place of service. This is the ground relied upon by the learned justice who tried the case. Now, we must notice that this is a judgment of the highest court of record having original jurisdiction. The argument of the defendant's counsel seems to treat it as a judgment of the clerk of Tioga county. But that clerk is only the officer of the court, and the judgment is rendered not by him, but by the court.

Is there any question that the defendant Angell was in fact properly served? It is stated he was a witness on the present trial; and it is not pretended that he denied such service. The judgment-roll is not before us (as no case was made;) but if it followed the usual form it recited service of the summons on Angell. And it will be remembered that, before the Code, the judgment-roll contained no proof of the service of process on a defendant. The only evidence of jurisdiction of the person contained in the roll was the fictitious statement of the defendant's actual appearance in court.

The defect complained of is an irregularity which the court would have permitted the plaintiff to amend on motion; and it did not render the judgment void. If an execution had been issued on it and property sold by virtue thereof, the purchaser would have taken a good title. There are many cases of similar irregularities which have been held not to affect the validity of the judgment. *White* v. *Bogart*, decided by this department November, 1877, was closely analogous to the present case. (See, also, *Jones* v. *U. S. Slate Co.*, 16 How., 129; *Farmers' Loan and Trust Co.* v. *Dickson*, 9 Abb., 61; *Cooper* v. *Shaver*, 41 Barb., 157; *Peck* v. *Richardson*, 16 S. C. N. Y. [9 Hun], 567). Our statute, often called the statute of *jeo fails*, is sufficient to authorize the amendment, if it does not in fact render the amendment unnecessary. (3 R. S., m. p. 424, § 4, *et seq.*, and especially § 7, sub. 14.)

Some cases are cited by the defendant in opposition to this view.

(*Trolan* v. *Fagan*, 48 How., 240.) This was a motion to vacate the judgment, and such a motion might be made for irregularity simply, and that case is disapproved in *Peck* v. *Richardson* (*ut supra*.)

(*Kendall* v. *Washburn*, 14 How., 381.) This was a motion to set aside a judgment recovered on service by publication. The complaint had not been filed before publication; therefore the service had not in fact been made. In the present case the service was made; only the proof of the fact is defective.

(*Reed* v. *French*, 28 N. Y., 295.) This was a case where an admission of service had been obtained by fraud, and a judgment had been entered, and execution thereon had been issued prior to one on the judgment taken by the same attorneys for other parties. The leading opinion puts the decision on this ground. I do not understand that the remarks in regard to the admission of service in that case, in the second opinion, were necessary. At any rate, the criticism that the admission of service did not contain the word "personal" does not apply to the present case.

We cannot pass upon the question of the statute of limitations. All the facts are not before us.

The judgment must be reversed, and a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment reversed, and a new trial granted, costs to abide the event.